E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 16 2022 3:41 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 22-2-07679-3

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR THE COUNTY OF PIERCE

APRO, LLC,

                Plaintiff,

    v.

HDI-GERLING AMERICA INSURANCE
COMPANY,

                Defendant.

Case No. 22-2-07679-3

FIRST AMENDED COMPLAINT

APRO, LLC ("Apro") alleges as its first amended complaint the following.

## I. INTRODUCTION

1.      This suit arises from an insurance company's reckless decision to cut corners and try to save money by gambling on the outcome of a brain injury premises liability case in Tacoma, Washington. The defendant insurance company, HDI-Gerling America Insurance Company, a part of the €43 Billion Talanx European insurance conglomerate ("HDI"), abandoned all sense of reason and good faith by running an inadequate defense where it knew coverage was limited, where it knew that similar personal injury lawsuits in Washington have produced very high 8-digit verdicts and judgments, and where HDI substantively refused to engage in settlement discussions with the brain injury plaintiff before trial. The result of HDI's brazen gamble was the highest single plaintiff personal injury verdict in the history of the State of Washington, most of which exceeds Apro's insurance policy limits.

FIRST AMENDED COMPLAINT - 1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

2.      Plaintiff Apro operates convenience stores in Washington and other Western states and is the victim of HDI's malfeasance. As detailed below, HDI chose a path resulting in Apro being subject to a massive judgment of $81.9 million in 2021. Apro has been forced to incur more than $1 million in cost just to bond the judgment now on appeal. Even if the underlying appeal succeeds, there does not appear to be any realistic way for Apro to recover the bond costs, and Apro would remain exposed to a claim by the plaintiff in the underlying injury case.

## II. PARTIES

3.      Plaintiff Apro is headquartered in Long Beach, California, and operates in the Western states of Washington, Oregon, Nevada, Colorado and California. For many decades, the company has operated gasoline service stations. It also operates convenience stores in most of its locations.

4.      Defendant HDI is domiciled in the state of Illinois and does business in all 50 states. Defendant HDI is the U.S. Operating subsidiary of Talanx, a European financial services company with many insurance company subsidiaries around the globe, including Hanover Re, and other entities based in Europe.

5.      The circumstances alleged herein took place within the State of Washington, where both Apro and HDI conduct business on a regular and ongoing basis.

## III. INSURANCE COVERAGE AND INSURER OBLIGATIONS

6.      For a substantial premium, Apro purchased a primary policy of commercial general liability insurance from HDI, with effective dates of June 30, 2015, to June 30, 2016 ("primary policy"). The HDI primary policy provided a $2 million limit per claim and in the aggregate. Apro also purchased a first layer excess policy from HDI ("HDI's excess policy"), and additional excess policies from two other insurers. The total relevant coverage available is $27 million, minus erosion of limits from unrelated claims.

FIRST AMENDED COMPLAINT - 2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

7.      The HDI primary policy obligated HDI to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." Under the HDI primary policy, HDI had the right and duty to defend Apro against lawsuits seeking damages.

8.      Washington law has long required that an insurer who possesses a right and duty to defend a claim under a liability insurance policy consider the interest of the insured when negotiating a settlement. The insurer must consider the insured's interest equal to the insurer's interests, and its duty of good faith obligates the insurer to refrain from conduct showing a greater concern for the insurer's monetary interest than for the insured's financial risk. Where an insurer's investigation discloses a reasonable likelihood that its insured may be liable, the insurer must make a good faith effort to settle the claim. Insurers can be liable beyond their policy limits if they fail to undertake reasonable settlement efforts. An insurer must evaluate settlement offers as though it bore the entire risk, including the risk of any judgment in excess of policy limits. Particularly when the insured faces exposure above the limits of the defending insurer, an insurer's refusal to negotiate under circumstances demonstrating a receptive climate for settlement is evidence of bad faith. In addition to these common law duties, Washington statutory law imposes settlement obligations on defending insurance companies.

### IV. THE UNDERLYING INCIDENT AND LAWSUIT

9.      Around midnight on November 4, 2015, in the parking lot of Apro's gas station convenience store on Pacific Highway South in Tacoma, William Tisdale confronted and was then beaten by a mentally unstable Terence Sablan. Sablan repeatedly struck Tisdale with a baseball bat resulting in a closed, non-displaced skull fracture and subdural and subarachnoid hematoma.

10.     In 2018, Tisdale filed suit in Pierce County Superior Court, alleging a single cause of action for premises liability, naming as defendants Apro and its store employee who was on-site during the incident. HDI acknowledged coverage for the suit and hired a law firm to

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

defend Apro and its employee. HDI's first retained defense counsel for Apro, as directed and controlled by HDI, did not undertake normal defense activities. For example, HDI failed to obtain Tisdale's medical records in order to evaluate Tisdale's claim. Defense counsel recognized a need to obtain an early court determination on the proper mechanism to allocate potential damages between the attacker Sablan and Apro, and so advised HDI and Apro, but as directed and controlled by HDI, never followed through on this issue.

11.     On September 28, 2020, Tisdale's counsel sent the initial HDI-hired defense counsel a settlement demand of $7.9 million. That defense counsel sent the demand to HDI, which reacted by firing and then hiring a new law firm to defend Apro. Without the benefit of basic discovery or consideration of potential verdict exposure for a brain injury case, HDI rejected the settlement demand, made a $25,000 settlement offer, and refused to negotiate in good faith. HDI's counteroffer to plaintiff's counsel was designed to annoy and irritate and in no way reflected a good faith effort to settle. In doing so, HDI did not inform Apro's excess insurers of the settlement demand, of HDI's response, or of HDI's refusal to engage in meaningful settlement discussions.

12.     After this refusal by HDI to make any reasonable settlement effort, plaintiff Tisdale made numerous additional settlement demands within Apro's combined policy limits, and the parties participated in a mediation. Despite losing a motion for summary judgment, HDI continued its path of unreasonable conduct by refusing to make any settlement offer at all. HDI also failed to inform Apro's (non-HDI) excess insurers of these events. Shortly before trial, a mediation proceeded, but HDI again refused to make a settlement offer. Not until after that mediation broke down did HDI alert Apro's excess insurers to the existence of demands exceeding HDI's limits.

13.     HDI understood that while Apro had (and on appeal still has) defenses to argue in response to plaintiff's claim, there was and is significant uncertainty in the outcome of brain injury cases being tried to a jury. HDI also had access to considerable data to show that verdicts

FIRST AMENDED COMPLAINT - 4

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4870-9575-8125.4

in similar cases in Washington ranged from the millions of dollars to the tens of millions of dollars. HDI knew that there was a material risk of an adverse judgment in excess of the HDI primary policy limits, and even beyond Apro's combined total limits.

14.     HDI was strongly urged to take reasonable steps to resolve the case via settlement before trial. HDI refused. Following entry of the judgment, HDI denied all responsibility for the result of its conduct. Apro was then forced to secure and pay for an appeal bond and renewal at an out of pocket cost exceeding $1 million. The verdict and judgment caused additional reputational and other damage to Apro to be proven at trial.

## V. FIRST CAUSE OF ACTION

### (Breach of Contract)

15.     Apro incorporates the above allegations by reference.

16.     Based on issuance of its primary policy, HDI was obligated to conduct a reasonable and timely investigation of the Tisdale claim and to pay a reasonable settlement amount based on the circumstances described above. HDI refused to comply with its investigation and settlement obligations under its primary policy and under Washington law. The result of HDI's failure was a jury verdict and judgment of $81.9 million, far exceeding Apro's combined policy limits. Apro has been damaged in an amount to be proven at trial, including the paid cost of posting and maintaining bonds on appeal, exceeding $1 million.

## VI. SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

17.     Apro incorporates the above allegations by reference.

18.     HDI owed a good faith obligation to Apro to investigate, to explore settlement, to attempt to settle the claim, and to conduct sufficient negotiations to ascertain the most favorable settle terms available. As alleged above, HDI failed in its conduct, resulting in a jury verdict and judgment of $81.9 million, far exceeding Apro's combined policy limits. Apro has been

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

damaged in an amount to be proven at trial, including the paid cost of posting and maintaining bonds of appeal, exceeding $1 million.

## VII. <u>THIRD CAUSE OF ACTION</u>

### (Violation of the Washington Consumer Protection Act)

19.     Apro incorporates the above allegations by reference.

20.     HDI unfairly failed to consider Apro's exposure to a verdict and judgment in excess of its policy limits, failed to advise Apro of the risks of such an excess verdict, failed to engaged in meaningful settlement negotiations with Tisdale, failed to reasonably consider comparable verdicts in Washington for brain injury cases, and refused to make reasonable efforts to settle after being urged to do so by one of Apro's excess insurers. The acts and omissions described above violated multiple unfair claims settlement practices proscribed in Washington law. These violations are per se violations of RCW 19.86, Washington's Consumer Protection Act ("CPA").

21.     The acts and omissions described above also constitute non-per se violations of the CPA. HDI's unfair and deceptive conduct as described above occurred in trade or commerce within the State of Washington and impact the public interest.

22.     HDI's unfair and deceptive conduct caused injury to Apro in its business, in that it deprived Apro of the protection Apro purchased, creating enormous financial liability, and requiring Apro to incur additional legal fees and expense to bring this action.

23.     HDI's unfair and deceptive conduct directly and proximately caused Apro's damages. Apro is entitled to recover its actual damages, attorneys' fees, litigation costs, and treble damages up to $25,000, pursuant to RCW 19.86.090.

## VIII. <u>FOURTH CAUSE OF ACTION</u>

### (Violation of the Washington Insurance Fair Conduct Act)

24.     Apro incorporates the above allegations by reference.

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

25.     Individuals and business who own an insurance policy may bring suit against their insurer under the Insurance Fair Conduct Act ("IFCA"), and Apro is a "first party claimant" within the meaning of IFCA. Pursuant to RCW 48.30.015(8), Apro sent notice to HDI of Apro's intent to assert a cause of action against HDI under IFCA on or about July 19, 2022.

26.     HDI failed to resolve Apro's claim within the 20-day statutory period.

27.     As such, Apro has met its statutory obligations under IFCA.

28.     HDI is liable under IFCA for, among other things, failing to conduct a reasonable investigation into Tisdale's claim against Apro, failing to engage in good faith settlement negotiations where there was a reasonable likelihood of a plaintiff's verdict, failing to communicate the risk of an excess verdict and the consequences of its strategy of "lowballing" Tisdale in the limited settlement communications that did happen, and for unreasonably failing to protect Apro from the extremely large Tisdale verdict and judgment.

29.     Apro is entitled to recovery of its actual damages, attorneys fees, litigation costs, and expert witness fees pursuant to RCW 48.30.015(3).

30.     The Court may award up to three times Apro's actual damages pursuant to RCW 48.30.015(3).

## IX. <u>PRAYER FOR RELIEF</u>

Wherefore, Apro prays for judgment as follows:

1.     For an award of damages in favor of Apro in an amount to be proven at trial but not less than $1,000,000, plus pre- and post-judgment interest at the maximum legal rate;

2.     For an award of attorneys' fees, costs, and disbursements for this action;

///

///

///

///

///

FIRST AMENDED COMPLAINT - 7

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

3. For prejudgment interest accruing until the date judgment is entered, plus post-judgment interest at the statutory rate;

4. For treble damages up to the statutory maximum under the Consumer Protection Act;

5. For treble damages under IFCA; and

6. For such other equitable and further relief as this Court may deem just and proper.

DATED this 16th day of August, 2022.

MILLER NASH LLP

*s/ Seth H. Row*

Seth H. Row, WSBA No. 32905
Jesús Miguel Palomares, WSBA No. 51858
Carolyn A. Mount, WSBA No. 55527
Lane Conrad, WSBA No. 59287
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA 98121
Telephone:  (206) 624-8300
Fax:  (206) 340-0599
Email: seth.row@millernash.com
        jesus.palomares@millernash.com
        carolyn.mount@millernash.com
        lane.conrad@millernash.com

Attorneys for Plaintiff
APRO, LLC

PILLSBURY WINTHROP SHAW PITTMAN LLP

*s/ Robert L. Wallan*

Robert L. Wallan (*pro hac vice to be filed*)
Christopher Butler (*pro hac vice to be filed*)
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: (213) 488-7163
Fax: (213) 608-3727
Email: robert.wallan@pillsburylaw.com
        christopher.butler@pillsburylaw.com

Attorneys for Plaintiff
APRO, LLC

FIRST AMENDED COMPLAINT - 8

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

4870-9575-8125.4