UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APRO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HDI-GERLING AMERICA INSURANCE COMPANY,<br><br>    Defendant. | Case No. C22-5857RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

    This matter comes before the Court on Plaintiff APRO, LLC's Motion to Remand. Dkt. #16. APRO moves for remand on the basis that Defendant HDI-Gerling America Insurance Company ("HDI")'s removal was untimely. HDI opposes, arguing it was not properly served and did not receive actual notice of this matter until a later date. Dkt. #18. Neither party has requested oral argument.

    When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). It is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 1

1039, 1042 (9th Cir. 2009).  "[T]he Court resolves all ambiguity in in favor of remand to state court."  *Id.*  Courts "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).  Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c).  "A notice of removal must be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446.  This Court routinely remands cases to state court based solely on untimely removal.

The parties agree on many details.  This is an insurance case brought against an insurance company with its principal place of business in Chicago, Illinois.  APRO filed its complaint in Pierce County Superior Court on August 16, 2022.  Dkt. #1.  Because HDI is a foreign insurer, Washington law requires it to be served through Washington's Office of the Insurance Commissioner ("OIC"), who then is required to provide the service documents to HDI. RCW 48.05.200.

The OIC has stated via declaration that it received service documents from APRO on August 22, 2022.  Dkt. #1-1, Ex. 15 ("Ward Decl."), ¶ 4.  "Service upon the commissioner as attorney constitutes service upon the insurer."  RCW 48.05.200(1).

Once OIC receives the documents, OIC is then responsible for sending copies of the process to the insurer. RCW 48.02.200(2).  The statute provides that OIC must do so by sending a copy of the process by "mail, electronic means, or other means reasonably calculated to give notice.  The copy must be sent or made available in a manner that is secure and with a

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 2

receipt that is verifiable." RCW 48.02.200(2).  The OIC found HDI's address in its database and mailed the documents through the U.S. Postal Service via certified mail to HDI's office at 161 North Clark Street, 48th Floor, Chicago, Illinois 60601.  *Id.* at ¶¶ 4–5.  The U.S. Postal Service website for tracking service "indicates that the documents were delivered to the Front Desk/Reception/Mail Room at 2:53 on August 29, 2022, in Chicago, Illinois 60601."  *Id*. at ¶ 8.

HDI removed more than 30 days later, on November 3, 2022.  Dkt. #1.

HDI agrees with all of the above, but says it did not receive actual notice of the lawsuit until a subsequent letter from Plaintiff's counsel received on October 5, 2022.  It argues that the tracking information from the U.S. Postal Service does not prove actual service occurred and that it is hearsay evidence.  Dkt. #18 at 2.  HDI submits a declaration indicating that it has no record of receiving the service documents and suggests that a signature should have been required.

The Court finds that APRO complied with applicable Washington State law for serving a foreign insurer.  It appears that OIC complied with the same law.  The Court declines to find that the above method of delivery was not reasonably calculated to give notice to an insurance company.  Proof of actual notice is not required under the statute.  While it is possible that the U.S. Postal Service simply failed to deliver the process documents and the tracking information is false, the burden for demonstrating such falls on the removing party.  *Gaus, supra*.  The record shows that the documents were mailed to the right address with a tracking number and record of timely delivery.  This satisfies Washington law.  It is hard to imagine how APRO could have provided more evidence.  HDI fails to show how or why the delivery information is false.  What happened next in the mail room is not clear.  HDI's evidence of having no record

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 3

of receiving the documents is ambiguous, and all ambiguities are resolved in favor of remand. *Hunter, supra*.

Given all of the above, the Court finds that removal was untimely under 28 U.S.C. § 1446 and that remand is therefore proper. Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Remand, Dkt. #16, is GRANTED. This case is hereby REMANDED to Pierce County Superior Court.

DATED this 27th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE